## GOSSET & BOURNE v. F. H. DUDLEY.

**Liability of Assignee.**

   If an assignee undertakes to run a business in his own name without disclosing the fact that he was operating as assignee, and the parties selling him goods had no notice of knowledge of his being assignee, but made sales to him upon his individual credit, such assignee is personally liable to pay for such goods.

### APPEAL FROM BATH CIRCUIT COURT.

### November 17, 1877.

OPINION BY JUDGE PRYOR:

The evidence in this case conduces to show that the appellee, together with Hoffman, were the assignees of the bankrupt, and as such, at the instance and by the direction of the creditors, undertook to carry on the business as assignees with a view of increasing the estate of the bankrupt. It is also shown that the corn furnished was necessary for the purposes contemplated, viz., feeding the oxen, etc., belonging to the concern; that one Miller was the agent of the assignees in controlling the establishment, and did in fact make the purchase, and the corn was used for the benefit of the concern; that he was in the habit of making such purchases, and his acts ratified or payment made by the assignees.

The proof indicates that the appellants, as well as the entire community, were ignorant of the manner in which the parties were operating the works. Their agency was not disclosed, and upon this state of case the burden of showing that they were not acting as assignees is thrown upon the appellant by the instructions given, while it was incumbent upon the appellee to show that the manner in which he was conducting the enterprise was made known to the parties with whom they traded. Miller's authority to purchase for these parties must be shown by the appellant, and when shown, unless it appears they were operating the works as assignees with notice of the fact to those with whom they traded, the appellants are entitled to redress. In other words, if they undertook to run the establishment in their own name without disclosing by themselves or agent that they were operating the works as assignees, and the parties with whom they traded, whether the trade was made by themselves or an agent, sold them goods or produce upon the individual credit of Miller & Hoffman or either of them, the liability exists. The authority of the agent to purchase on a credit must be shown.

The instructions being in conflict with this view of the case, the

judgment must be *reversed*. An error in giving or refusing instructions is sufficiently definite without calling the attention of the court to the particular instruction complained of. Such has been the universal ruling of this court. The appellant, upon the return of this case, should be allowed to amend his petition and make Hoffman a party. Judgment *reversed* and cause remanded with directions to award a new trial and for further proceedings consistent with this opinion.

*H. L. Stone, for appellants. W. H. Holt, for appellee.*